**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| KEON PIERRE ZAFR | : | Case No. 3:20-cv-129 |
| 2640 Creekwood Cir., Apt. #2 | : | |
| Moraine, Ohio 45439 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT** |
| | : | |
| DETECTIVE NATHAN CURLEY, | : | **JURY DEMAND ENDORSED** |
| In his individual capacity, | : | **HEREON** |
| c/o City of Dayton Police Department | : | |
| 335 W. Third Street | : | |
| Dayton, Ohio 45402 | : | |
| | : | |
| and | : | |
| | : | |
| OFFICER ZACHARY BANKS, | : | |
| In his individual capacity, | : | |
| c/o City of Dayton Police Department | : | |
| 335 W. Third Street | : | |
| Dayton, Ohio 45402 | : | |
| | : | |
| and | : | |
| | : | |
| OFFICER MATTHEW GRAY, | : | |
| In his individual capacity, | : | |
| c/o City of Dayton Police Department | : | |
| 335 W. Third Street | : | |
| Dayton, Ohio 45402 | : | |

Defendants.

_____

Now comes Plaintiff Keon Pierre Zafr, by and through counsel, and for his Complaint against Defendants to redress violations of the Plaintiff's constitutional rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, for his state law claim, and for reasonable attorney's fees under 42 U.S.C. § 1988, states as follows:

## <u>JURISDICTIONAL STATEMENT</u>

1. Subject matter jurisdiction of this court is premised upon 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental jurisdiction), and 28 U.S.C. § 1343(a)(3) (civil rights) to redress the deprivation, under color of state law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States.

2. Venue is proper in the Southern District of Ohio, Western Division at Dayton, pursuant to 28 U.S.C. § 1391(b)(2), Fed. R. Civ. P. 4 and 17(b), and S.D. Ohio Civ. R. 82.1, as all events giving rise to these causes of action occurred within the geographical jurisdiction of this Court.

## <u>PARTIES</u>

3. Plaintiff Keon Pierre Zafr ("Zafr") is and was, at all times relevant to this action, a resident of Montgomery County, Ohio and a citizen of the State of Ohio.

4. Upon information and belief, Defendant Mark Wysong ("Wysong") is an individual residing at 30 N. State Street, Phillipsburg, Ohio 45354. Wysong was employed, at all times relevant to this Complaint, as a police officer and police chief with the Village of

Phillipsburg, Ohio, in Montgomery County, Ohio, acting under color of state law, statute, ordinance, regulation, custom or usage.

5.     Defendant Nathan Curley ("Curley") is an Ohio law enforcement officer and was, at all times relevant to this action, employed by the City of Dayton Police Department. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of state law, statute, ordinance, regulation, custom or usage.  He is sued in his individual and official capacities.  He was the investigating detective on Zafr's criminal case, as described below.

6.     Defendant Zachary Banks ("Banks") is an Ohio law enforcement officer and was, at all times relevant to this action, employed by the City of Dayton Police Department. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of state law, statute, ordinance, regulation, custom or usage.  He is sued in his individual and official capacities.

7.     Defendant Matthew Gray ("Gray") is an Ohio law enforcement officer and was, at all times relevant to this action, employed by the City of Dayton Police Department. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of state law, statute, ordinance, regulation, custom or usage.  He is sued in his individual and official capacities.

## FACTS RELEVANT TO ALL CLAIMS

8.     Plaintiff restates and incorporates by reference all those allegations contained in the preceding paragraphs as if fully rewritten herein.

9.     On March 12, 2018, at approximately 8:15 p.m., Dayton Police Officers Zachary Banks and Matthew Gray were dispatched to proceed to the Summit Square apartment

complex in Dayton, Ohio.  They were dispatched on the basis of a call from a person identified only by his first name who stated that a man was in the parking lot with a rifle.

10.     The report from the dispatcher stated that there was an individual in a "light blue jacket, hat, appears to have a rifle," at the entrance of a given location, referring to the entrance of the Summit Square apartment complex.

11.     Dayton Police Officers Zachary Banks and Matthew Gray were wearing the uniform of a Dayton Police Officer and were in a marked Dayton Police cruiser, working the 5 p.m. to 3 a.m. shift.

12.     The only information provided to Officers Banks and Gray was that there was a man with a rifle. The caller did not claim that the person with the rifle was pointing it at anyone, menacing any person, or committing any crime at all.

13.     Dispatch attempted additional contact with the caller, but apparently the caller had left the scene, making dispatch unable to determine whether the person alleged to have a rifle was still on scene.

14.     When officers Banks and Gray arrived on scene, they did not immediately observe an individual matching the description provided by the 9-1-1 caller.

15.     Further, the officers did not immediately observe anyone in front of 616 Summit Square Drive, the location described by both Dispatch and the incident report. Additionally, the officers did not observe anyone with a rifle.

16.     Despite witnessing no crime or offense and not locating the reported individual with a rifle, Officers Banks and Gray started to patrol the parking lot at Summit Square.  There were several vehicles in the parking lot of the apartment complex.  Officers

Banks and Gray observed a vehicle with three males inside. No suspicious vehicle had been reported in the 9-1-1 call to police.

17.     The officers pulled in and parked behind the vehicle, which was at a different location than the location to which the officers had been dispatched. The driver, Keon Zafr, was reportedly wearing a jean jacket and no hat. The officers parked about 10 to 15 feet behind the rear of the GMC sport utility vehicle in which the males were sitting, with the intent to initiate a consensual encounter with the males in the vehicle. Plaintiff Keon Zafr exited the vehicle.

18.     As Officer Banks approached Zafr, Zafr took a few steps backwards. Zafr did not have, and Officer Banks did not notice, a rifle or any contraband item in Zafr's possession as he approached him. Despite this, Officer Banks continued to approach Zafr and decided to do a pat-down search of Zafr.

19.     Officer Banks then grabbed Zafr so that both his arms were behind his back to conduct a "pat-down." As he did so, he leaned Zafr against the vehicle. At this point in the encounter, Officer Banks had not advised Zafr of the reason for the stop and had not asked any investigatory questions. However, he had, by Officer Banks's own admission, arrested Zafr for obstructing official business. Officer Banks' police report, however, was devoid of any mention or even suggestion of the crime of obstructing official business.

20.     Officer Banks raised his voice in speaking to Zafr and said, "stop – stop moving." Zafr replied, "I haven't done anything."

21.     Zafr never attempted to run away, and could not run away, because Officer Banks had grabbed him. At no time during this initial encounter did Officer Banks ask Zafr any investigatory questions. Officer Gray's reasoning for arresting Zafr for obstructing

official business was: "he observed our marked cruiser, Ofc. Banks' marked uniform, his commands, and he made a conscious decision to ignore those and try to leave."

22.     The entire encounter between the officers and Zafr lasted approximately one minute before he was placed under arrest for obstructing official business.

23.     After arresting Zafr, Officer Gray conducted a pat down search of Zafr's person, which resulted in the discovery of a cigarette box in one of the front pockets of Zafr's pants.  That cigarette box was later alleged to contain illegal drugs.  Officer Jason Berger then arrived, and they placed Zafr in the rear of Berger's cruiser. The officers then searched the GMC vehicle in which Zafr had been sitting.

24.     After Zafr was arrested, handcuffed, and secured, Officer Banks also looked inside the vehicle in which Zafr was seated and observed a handgun inside the car on the seat.  Importantly, the handgun was not found until after Zafr had been arrested for allegedly obstructing official business.

25.     No rifle was ever found – on Zafr's person, in the vehicle in which he had been seated, or elsewhere.

26.     After his arrest, Zafr was taken to the City of Dayton Safety Building and interrogated by Detective Nathan Curley for approximately 30 minutes.  Zafr spoke to Detective Curley, but he refused to sign a waiver of rights.  He made statements that the gun in the vehicle and the cigarette pack and drugs in the cigarette pack were his.

27.     Detective Curley later instituted legal proceedings against Zafr by signing a criminal complaint for one count of improper handling of a firearm in a motor vehicle, a violation of R.C. 2923.16(B)(3).  That criminal complaint and the attached Affidavit/Statement

of Facts, also sworn to and signed by Detective Curley, were filed in Dayton Municipal Court on

March 14, 2018, in Case No. 18 CRA 1423.

28.     On June 15, 2018, Zafr was indicted in Montgomery County Common

Pleas Court (Case No. 2018 CR 00985) for the following charges arising out of the incident on

March 12, 2018:  one count of improper handling of a firearm in a motor vehicle (a fourth-degree

felony), two counts of aggravated possession of drugs (felonies of the fifth degree), possession of

heroin (a third-degree felony), and possession of marihuana (a minor misdemeanor).

29.     On December 4, 2018, through counsel, Zafr filed a motion to suppress

the evidence seized in the search of his vehicle on March 12, 2018, based on the warrantless and

unlawful detention, arrest, and search of Zafr and his vehicle by Officers Banks and Gray.  A

suppression hearing was held on May 3, 2019.  The trial court specifically found that Zafr was

detained by Officers Banks and Gray without reasonable particularized and articulated suspicion

that Zafr was engaged in criminal activity.  The trial court granted Zafr's motion to suppress.  All

of the evidence "attained after the detention and/or arrest and/or pat down" on March 12, 2018,

was suppressed.

30.     The State timely appealed the trial court's decision to the Second District

Court of Appeals.  On November 8, 2019, the Court of Appeals issued its Opinion affirming the

trial court's judgment.  The Second District found that Officers Banks and Gray unlawfully

detained Zafr in the absence of reasonable suspicion that he was engaged or about to engage in

criminal activity.

31.     On November 15, 2019, all charges against Zafr were dismissed.

32.     As a result of Zafr's unlawful detention, search, and arrest, he was jailed in

the Montgomery County Jail from March 12, 2018, to April 4, 2018.  He was also transported to

Kentucky and confined on an alleged parole violation in that state, based on his unlawful arrest in Dayton.  He incurred mental anguish as a result of his jail confinement and substantial attorney's fees to defend himself against the charges brought against him on the basis of illegally obtained evidence.

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 Deprivation of Right to Be Free from Unreasonable Seizure)

33.     Plaintiff restates and incorporates by reference all those allegations contained in the preceding paragraphs as if fully rewritten herein.

34.     On March 12, 2018, Officers Banks and Gray detained Plaintiff without reasonable articulable suspicion that he was engaged in, or about to engage in, criminal activity. They subsequently arrested Zafr without a warrant and without probable cause based on lawfully obtained evidence to believe that he had engaged in any criminal activity.

35.     By doing so, Officers Banks and Gray placed Zafr in detention, under arrest, and restrained his freedom, without legal authority to do so.

36.     Zafr never consented to the detention or restraint of his freedom by Officers Banks and Gray.

37.     Plaintiff Keon Zafr had a constitutional right to be free from the unreasonable seizure of his person under the Fourth and Fourteenth Amendments to the Constitution of the United States.

38.     Defendants Banks and Gray, while acting under color of state law, deprived Zafr of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to those secured by the Fourth and Fourteenth

Amendments to the Constitution, by, among other things, subjecting Zafr to the unreasonable seizure of his person.

39.     Defendants Banks and Gray were acting under color of state law by wearing the uniform of a Dayton Police Department officer, traveling in a marked Dayton Police Department cruiser, and holding themselves out as Dayton Police Officers, during the course of and in the scope of their duties as employees of the Dayton Police Department.

40.     In carrying out the foregoing wrongful acts, the conduct of Officers Banks and Gray were motivated by evil motive or intent, and it involved reckless or callous indifference to the federally protected rights of others, thus justifying the award of punitive damages against these Defendants.

41.     The unreasonable seizure of Plaintiff Keon Zafr by Defendants Banks and Gray was the direct and proximate cause of injuries suffered by Plaintiff.  Specifically, Plaintiff suffered unlawful and unnecessary confinement, mental anguish and suffering, substantial attorney's fees, and other injuries as a result of the actions of the Defendants.

## SECOND CLAIM FOR RELIEF
**(42 U.S.C. § 1983 Deprivation of Right to Be Secure from Unreasonable Search)**

42.     Plaintiff restates and incorporates by reference all those allegations contained in the preceding paragraphs as if fully rewritten herein.

43.     At all times relevant to this Complaint, Plaintiff Keon Zafr had a constitutional right under the Fourth and Fourteenth Amendments to be secure from unreasonable searches.

44. On March 12, 2018, Defendants Banks and Gray conducted an illegal pat-down search of Plaintiff and an illegal search of a motor vehicle that he had occupied.

45. Defendants Banks and Gray did not have a warrant or other legal authority to carry out the searches that they performed.

46. The Defendants' unlawful arrest of Zafr did not support the unlawful search of Zafr's person or vehicle.

47. Despite having no legal authority to arrest, detain, or search Zafr, Defendants Banks and Gray conducted a search of Zafr's person and vehicle, in violation of his constitutional right under the Fourth and Fourteenth Amendments to be protected from unreasonable searches.

48. Defendants Banks and Gray, while acting under color of state law, deprived Zafr of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting Zafr to the unreasonable search of his person.

49. Defendants Banks and Gray were acting under color of state law by wearing the uniform of a Dayton Police Department officer, traveling in a marked Dayton Police Department cruiser, and holding themselves out as Dayton Police Officers, during the course of and in the scope of their duties as employees of the Dayton Police Department.

50. In carrying out the foregoing wrongful acts, the conduct of Officers Banks and Gray were motivated by evil motive or intent, and it involved reckless or callous indifference

to the federally protected rights of others, thus justifying the award of punitive damages against these Defendants.

51.     The unlawful search of Plaintiff Keon Zafr by Defendants Banks and Gray was the direct and proximate cause of injuries suffered by Plaintiff.  Specifically, Plaintiff suffered unlawful and unnecessary confinement, mental anguish and suffering, substantial attorney's fees, and other injuries as a result of the actions of the Defendants.

### THIRD CLAIM FOR RELIEF
#### (Malicious Prosecution)

52.     Plaintiff restates and incorporates by reference each and every allegation in the preceding paragraphs as though fully rewritten herein.

53.     Defendants Curley, Banks, and Gray maliciously instituted criminal proceedings against Zafr when the Defendants, individually and in concert, unlawfully detained, arrested, searched, and questioned in custody Plaintiff Zafr.  Criminal proceedings were formally instituted by Defendant Curley's filing of a criminal complaint in Dayton Municipal Court on March 14, 2018.  That criminal complaint was based upon an affidavit and statement of facts signed by Curley, but supported by the unlawful detention, arrest, and search of Zafr by Defendants Banks and Gray.  Additionally, Defendants Banks and Gray provided arrest reports and narrative information that formed the basis, in part, of Defendant Curley's criminal complaint and affidavit.

54.     Defendants maliciously continued criminal proceedings against Zafr despite their knowledge that the evidence against Zafr was all illegally obtained.

55.     The actions of Defendants Curley, Banks, and Gray in instituting and continuing criminal proceedings against Zafr were wrongful, intentionally done, and without probable cause.

56.     Defendants Curley, Banks, and Gray did not have probable cause based on lawfully obtained evidence to believe that Zafr engaged in any criminal activity.  Consequently, Defendants Curley, Banks, and Gray did not have probable cause to institute proceedings against Zafr for any offense.

57.     The prior proceedings against Zafr in Montgomery County Common Pleas Case No. 2018 CR 00985 were ultimately resolved in his favor.  Specifically, that case was dismissed on November 15, 2019.

58.     A seizure of Zafr's person and property occurred when he was arrested by Defendants and confined in jail while awaiting the resolution of the criminal proceedings against him.

59.     Defendants Curley, Banks, and Gray are all trained and certified law enforcement officers.  During the course of their careers, they have each received substantial education and training with regard to the legal standard for conducting *Terry* stops, pat-down searches, searches incident to arrest, and warrantless searches of motor vehicles, among other police procedures.  The wanton and reckless manner in which Defendants Curley, Banks, and Gray engaged in the detention, arrest, search, questioning, and institution of criminal proceedings against Plaintiff is such a departure from the legal standards upon which the Defendants were trained and which they knew that their conduct must be presumed to the result of malicious purpose, bad faith, or wanton and reckless misconduct, precluding limited immunity under Ohio statutory law.

## CLAIM FOR PUNITIVE DAMAGES

60.    Plaintiff restates and incorporates by reference all those allegations contained in the preceding paragraphs as if fully rewritten herein.

61.    The conduct of Defendants Banks, Gray, and Curley as pleaded herein was undertaken with malicious intent, intentionally, willfully, wantonly, recklessly, and with a substantial disregard for the safety for Plaintiff and for his constitutional rights, which conduct was substantially certain to result in harm to Plaintiff.

62.    Plaintiff is thus entitled to an award of punitive damages for Defendants' wrongful conduct as pleaded herein.

## CLAIM FOR ATTORNEY'S FEES

63.    Plaintiff is entitled to recover attorney's fees and costs pursuant to 49 U.S.C. § 1988.  Plaintiff therefore requests that the Court and jury award his attorney's fees and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.    Compensatory damages against all Defendants, jointly and severally, in an amount of Four Hundred Thousand Dollars ($400,000.00);

B.    Punitive damages against Defendants Banks and Gray, in their individual capacities, in an amount of One Hundred Thousand Dollars ($100,000.00);

C.    Reasonable attorney's fees and the costs of this action, including prejudgment interest and post-judgment interest; and

D.    Such other and further relief that this Court may deem just and proper and

to which Plaintiff may be entitled at law or equity.

Respectfully submitted,


/s Bradley D. Anderson
Bradley D. Anderson (0061325)
RION, RION & RION, L.P.A., INC.
130 W. Second St., Suite 2150
Dayton, OH 45402
Phone:  (937) 223-9133
Fax:  (937) 223-7540
banderson@rionlaw.com

Attorney for Plaintiff Keon Zafr


## JURY DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.


/s Bradley D. Anderson
Bradley D. Anderson (0061325)

14