# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
## WESTERN DISTRICT AT DAYTON

| | | |
|---|---|---|
| KEON PIERRE ZAFR, | : | CASE NO.: 3-20-cv-129 |
| Plaintiff, | : | JUDGE WALTER H. RICE |
| v. | : | **ANSWER OF DEFENDANTS NATHAN CURLEY, ZACHARY BANKS, AND MATTHEW GRAY** |
| DET. NATHAN CURLEY, et al., | : | |
| Defendants. | : | |

Defendants Detective Nathan Curley, Officer Zachary Banks, and Officer Matthew Gray, ("Defendants"), submit the following as their Answer to Plaintiff's Complaint:

1. Defendants admit the allegations contained in paragraph 1 to the extent that this Court generally has subject matter jurisdiction over 42 U.S.C. §1983 claims. Defendants deny that the Plaintiff has any valid claims under 42 U.S.C. §1983.

2. Defendants admit the allegations contained in paragraph 2 to the extent that venue is proper in this Court for 42 U.S.C. §1983 claims for actions that occur within the geographical jurisdiction of this Court. Defendants deny that the Plaintiff has any such valid claims or that any constitutional deprivation occurred.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3 and 4.

4. Defendants admit the allegations contained in paragraphs 5, 6, and 7 to the extent that Defendants Detective Nathan Curley, Officer Zachary Banks, and Officer Matthew Gray are persons and Ohio law enforcement officers employed by the City of Dayton. Defendants deny the remaining allegations.

1

5. Defendants admit and deny the allegations contained in paragraph 8 to the same extent that they have admitted or denied the incorporated paragraphs.

6. Defendants admit the allegations contained in paragraph 9 to the extent that they were dispatched to Summit Square Apartments based upon a call that there was a man in the parking lot with an assault rifle.

7. Defendants admit the allegations contained in paragraph 10 to the extent that the dispatcher provided information about a man with a rifle in the parking lot of Summit Square Apartments.

8. Defendants admit the allegations contained in paragraph 11.

9. Defendants deny the allegations contained in paragraph 12.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

11. Defendants deny the allegations contained in paragraph 14.

12. Defendants admit the allegations contained in paragraph 15 to the extent that they did not observe a person at the Office of Summit Square Apartments and that they did not observe someone with a rifle.

13. Defendants admit the allegations contained in paragraph 16 to the extent that the only individuals that they observed were the three males, including the Plaintiff, in the parking lot.

14. Defendants admit the allegations contained in paragraph 17 to the extent that the Officers Banks and Gray pulled up to the Plaintiff's vehicle to make contact and that the Plaintiff subsequently got out of the vehicle.

15. Defendants admit the allegations contained in paragraph 18 to the extent that Plaintiff did not have a rifle when Officer Banks approached him and that Officer Banks did not initially see any contraband on him.

16. Defendants admit the allegations contained in paragraph 19 to the extent that a pat-down search was performed upon the Plaintiff.

17. Defendants admit the allegations contained in paragraph 20 to the extent that the Plaintiff did not comply with the Officer's commands.

18. Defendants admit the allegations contained in paragraph 21 to the extent that the Plaintiff's actions obstructed official business.

19. Defendants admit the allegations contained in paragraph 22 to the extent that the Plaintiff was placed under arrest for obstruction of official business.

20. Defendants admit the allegations contained in paragraph 23 to the extent that the Plaintiff was found to have illicit drugs including heroin, methamphetamines, fentanyl, and marijuana on his person.

21. Defendants admit the allegations contained in paragraph 24 to the extent that Officer Banks saw a handgun in plain view inside the vehicle from outside of the vehicle.

22. Defendants admit the allegations contained in paragraph 25 to the extent that no rifle was found on Plaintiff's person or the vehicle.

23. Defendants admit the allegations contained in paragraph 26 to the extent that the Plaintiff was taken to the City of Dayton Public Safety Building and that after the Plaintiff was mirandized and agreed to speak with Det. Curley that the Plaintiff admitted that the handgun and the illegal drugs found were his.

24. Defendants admit the allegations contained in paragraph 27 to the extent that Detective Curley signed a criminal complaint with an attached affidavit and statement of facts that was subsequently filed in the Dayton Municipal Court on March 14, 2018, in Case No. 18 CRA 1423.

25. Defendants admit the allegations contained in paragraph 28.

26. Defendants admit the allegations contained in paragraph 29 to the extent that a motion to suppress was filed and granted by the Common Pleas Court.

27. Defendants admit the allegations contained in paragraph 30 to the extent that the motion to suppress decision was appealed and affirmed by the Second District Court of Appeals.

28. Defendants admit the allegations contained in paragraph 31.

29. Defendants admit the allegations contained in paragraph 32 to the extent that there was probable cause to arrest the Plaintiff and the Plaintiff was in fact arrested and placed in jail and that Plaintiff had violated the conditions of his parole by possessing illegal drugs and a firearm.

30. Defendants admit and deny the allegations contained in paragraph 33 to the same extent that they have admitted or denied the incorporated paragraphs.

31. Defendants deny the allegations contained in paragraphs 34, 35, 36, 37, and 38.

32. Defendants admit the allegations contained in paragraph 39 to the extent that at the time of the arrest that Defendants Banks and Gray were on-duty, traveling in a marked Dayton Police Cruiser and wearing their police uniforms.

33. Defendants deny the allegations contained in paragraphs 40 and 41.

34. Defendants admit and deny the allegations contained in paragraph 42 to the same extent that they have admitted or denied the incorporated paragraphs.

35. Defendants deny the allegations contained in paragraphs 43, 44, 45, 46, 47, and 48.

36. Defendants admit the allegations contained in paragraph 49 to the extent that Officers Banks and Gray were wearing their Dayton Police uniforms, traveling in a marked Dayton Police Cruiser, and were on-duty at the time of the Plaintiff's arrest.

37. Defendants deny the allegations contained in paragraphs 50 and 51.

38. Defendants admit and deny the allegations contained in paragraph 52 to the same extent that they have admitted and denied the incorporated paragraphs.

39. Defendants deny the allegations contained in paragraphs 53, 54, 55, and 56.

40. Defendants admit the allegations contained in paragraph 57 to the extent that a motion to suppress was granted in the case and that the case was dismissed.

41. The allegations contained in paragraph 58 constitute a legal conclusion for which an answer is not required.

42. Defendants admit the allegations contained in paragraph 59 to the extent that they are trained law enforcement officers and have received substantial training and education in law enforcement topics.

43. Defendants admit and deny the allegations contained in paragraph 60 to the same extent that they have admitted or denied the incorporated paragraphs.

44. Defendants deny the allegations contained in paragraphs 61 and 62.

45. Defendants deny the allegations contained in paragraph 63.

46. Defendants deny that the Plaintiff is entitled to any of the relief requested in the prayer/demand portion of the complaint.

47. Defendants deny each and every allegation that they have not specifically admitted as true.

## SECOND DEFENSE

48. The Complaint fails to set forth a claim upon which relief can be granted. Civ. R. 12(B)(6).

## THIRD DEFENSE

49. Defendants are immune from liability and/or damages.

## FOURTH DEFENSE

50. Plaintiff was negligent, contributorily negligent and/or assumed the risk.

## FIFTH DEFENSE

51. The injuries for which relief is sought in the Complaint were not proximately caused by the Defendants.

## SIXTH DEFENSE

52. Plaintiff failed to mitigate his damages, if any.

## SEVENTH DEFENSE

53. Defendants acted at all times in good faith.

## EIGHTH DEFENSE

54. Defendants' actions were reasonable at all times, and in compliance with federal, state, and/or local law.

## NINTH DEFENSE

55. Defendants acted with reasonable suspicion, reasonable belief, and probable cause.

## TENTH DEFENSE

56. Defendants are entitled to an absolute or qualified privilege.

## ELEVENTH DEFENSE

57. Defendants are immune pursuant to the provisions of R.C. Chapter 2744.

## TWELFTH DEFENSE

58. Defendants are entitled to contribution and/or indemnification.

## THIRTEENTH DEFENSE

59. Defendants are entitled to set off against any judgment awarded to Plaintiff, the amount of any benefits the Plaintiff is entitled to receive for injuries or loss allegedly incurred, from a policy or policies of insurance or from any other source.

## FOURTEENTH DEFENSE

60. Plaintiff's claims for punitive damages are barred by law.

## FIFTEENTH DEEFNSE

61. All of the injuries and damages alleged in the Complaint resulted from Plaintiff's own negligent, intentional, and/or criminal misconduct.

## SIXTEENTH DEFENSE

62. There has been no constitutional violation.

## SEVENTEENTH DEFENSE

63. Defendants are entitled to absolute and qualified immunity.

## EIGHTEENTH DEFENSE

64. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### NINETEENTH DEFENSE

65. Plaintiff's claims are barred by waiver, estoppel and/or laches.

### TWENTIETH DEFENSE

66. Plaintiff's claims are barred by his status as a parolee.

Respectfully submitted,

**BARBARA J. DOSECK**
**CITY ATTORNEY**

By /S/ JOHN C. MUSTO
John C. Musto (0071512)
Chief Trial Counsel
Leonard J. Bazelak
Senior Attorney
101 West Third Street
P.O. Box 22
Dayton, Ohio 45401
Tel. (937) 333-4100
Fax (937) 333-3628
john.musto@daytonohio.gov

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendants' Answer was sent via the Court's ECF System this 5th day of June 2020 to the following:

Bradley D. Anderson, Esq
Rion, Rion & Rion, LPA, Inc.
130 W. Second St., Suite 2150
Dayton, OH 45402

S/ JOHN C. MUSTO
John C. Musto (0071512)
Chief Trial Counsel